UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAMONE L. WRIGHT,**

        **Petitioner,**

v.

**FRANKLIN COUNTY MUNICIPAL COURT,**

        **Respondent.**

Case No. 2:21-cv-4317
Judge Michael H. Watson
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner Ramone L. Wright seeks a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Petitioner seeks expungement of a conviction as part of the judgment of a state court in a criminal action.[1] The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." If it does so appear, the petition must be dismissed. *Id.* Rule 4 allows for the dismissal of petitions that raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). Here, for the reasons that follow, it plainly appears from the face of the petition that Petitioner is not entitled to relief, as his claim is time-barred, procedurally defaulted,

---

[1] The undersigned notes that Petitioner is in federal, rather than state, custody (Petition, Doc. 1, PageID 1), and thus cannot obtain relief under 28 U.S.C. § 2254. However, for the reasons set forth below, his Petition would be no more availing as a Motion to Vacate or Set Aside Sentence under 28 U.S.C. § 2255.

and the relief he seeks is not available under 28 U.S.C. § 2254 or § 2255.  The Undersigned therefore **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The procedural history in this case is unusual.  On April 1, 2009, Petitioner pled guilty in Franklin County, Ohio, Municipal Court to one count of failure to reinstate a license.  (Doc. 1 at PageID 1).  Petitioner's license was suspended for ten days and he was sentenced to thirty-nine days in jail.  The entire jail sentence was suspended, and Petitioner does not claim that he was ever incarcerated.  (*See* Case No. 2009 TR D 116533).[2]  Petitioner did not appeal the conviction or file a postconviction petition.  (Doc. 1 at PageID 2, 3).  On February 13, 2017, Petitioner was sentenced for federal crimes that caused him to be incarcerated at FCI Hazleton.  (*Id*. at PageID 1; Case No. 2:16-cr-59, ECF No. 47, PageID 111).  Petitioner does not challenge the federal convictions or incarceration in the instant Petition.  Rather, he seeks expungement of the municipal court conviction.  (*Id*. at PageID 15).  He claims actual innocence and that his conviction was the product of the prosecutor tampering with evidence.  (*Id*. at PageID 5, 12, (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244-45 (1944), *overruled on other grounds by Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 n.2 (*per curiam*))).

## II. LEGAL STANDARDS

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d). The statute provides:

---

[2] http://www.fcmcclerk.com/case/view#docket (last accessed Sept. 6, 2021).

2

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.*

      **B.**     **Exhaustion and Procedural Default**

A federal habeas corpus petitioner must exhaust his claims in the state court before he may bring those claims before this Court. 28 U.S.C. § 2254(b)(2). This can be shown by demonstrating that: (1) the highest court of a state has adjudicated the merits of the claim; or (2) under state law, the claims are procedurally barred. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). However, if a claim is procedurally barred under state law because "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, [then] federal habeas review of the claims is barred[.]" *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under Ohio law, failure to make timely objections at trial or to raise the issue on direct appeal from the trial court, if possible, bars a petitioner from raising that claim in a federal habeas

3

corpus petition. *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000) (citing *State v. Perry*, 10 Ohio St. 2d 175 (1967)); *Leroy v. Marshall*, 757 F.2d 94, 97–99 (6th Cir. 1985); *see also Coleman v. Mitchell*, 244 F.3d 533, 538-39 (6th Cir. 2001) (holding that the "*Perry* rule" regarding *res judicata* was an adequate and independent state law ground upon which to find a claim procedurally defaulted, and thus, bar its consideration of claims district courts); *Wong*, 142 F.3d at 322 ("Under Ohio law, the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under the State's doctrine of *res judicata*."). Further, in raising the claims in the state court, a petitioner must set out why he believes his federal constitutional rights have been violated to avoid procedural default. 28 U.S.C. § 2254; *Gray*, 518 U.S. at 162-63.

A petitioner may circumvent the procedural default bar by "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750; *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991).

### C. Actual Innocence

Procedural default may be excused if a petitioner can show, by a preponderance of the evidence, that he is "actually innocent," such that "a court cannot have confidence in the outcome of the trial[,]" *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)), and thus, his conviction constituted a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. Moreover, a demonstration of actual innocence can overcome the statute of limitations. *McQuiggins v. Perkins*, 569 U.S. 383, 392 (2013). However, the bar for actual innocence is high. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[A]ctual innocence 'does

4

not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty.'" *Cleveland v. Bradshaw*, 693 F.3d 626, 633 (6th Cir. 2012) (quoting *Schlup*, 513 U.S. at 329). A petitioner may not merely present new allegations, but must present "new reliable evidence" supporting his innocence. *Schlup*, 513 U.S. at 324.

### D. "In Custody" Requirement

A habeas petitioner must be "in custody in violation of the Constitution or laws and treaties of the United States" to obtain relief. 28 U.S.C. § 2241(c)(3). "We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. Lavelle*, 391 U.S. 234 (1968)). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*. at 492.

### III. ANALYSIS

The statute of limitations under the AEDPA began to run on May 1, 2009, when the time period expired to file an appeal with the Ohio's Tenth District Court of Appeals. Ohio App.R. 4(A)(1). The statute of limitations expired one year later, on May 1, 2010. Petitioner then waited more than eleven years to execute this habeas corpus petition. Thus, the statute of limitations had long expired when this action began. Petitioner attempts to get around this temporal bar by arguing actual innocence, but he fails to allege, much less present evidence of, how he is factually innocent of the crime of failure to reinstate his driver license. Thus, his Petition is barred by the statute of limitations.

Moreover, Petitioner's claim is procedurally defaulted. It is undisputed that Petitioner failed to present this claim to the state courts either via appeal or postconviction petition. Petitioner states that "actual innocence does not require exhaustion of remedies" and that his "initial conviction and plea is due to a fraud committed on the court by the prosecutor." (Doc. 1 at PageID 5). However, he fails to allege when he discovered this supposed fraud, and he does not attach exhibits or other evidence of his factual innocence. Absent any such evidence, Petitioner cannot set aside the default.

Finally, there is no evidence that Petitioner is "in custody" as a result of his 2009 conviction. As discussed above, Petitioner's entire sentence was suspended, and it is unclear whether he was ever actually incarcerated for failure to reinstate his license. The thirty-nine-day suspended sentence expired on May 10, 2009, long before he filed the instant Petition. There is no record of him being subject to parole or probation as a result of the conviction. While a petition is not automatically moot upon release from confinement, a petitioner may not file a petition when the sentence for the challenged conviction has fully expired. *Maleng*, 490 U.S. at 492. While Petitioner is currently incarcerated, his "in custody" period for the conviction he seeks to have expunged expired more than twelve years ago. Further, unlike a felony conviction that restricts one's right to vote or requires one to register as a sex offender, failure to reinstate a license is an "unclassified misdemeanor[,]" Ohio Rev. Code § 4510.21(A), (C)(1), and Petitioner does not claim there are lingering aspects of his conviction such that he is still "in custody."

While a district court may order expungement of conviction in addition to release from custody, *Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006), there is no caselaw suggesting that this Court may do what Petitioner desires—to expunge a conviction for which he is not in custody and is wholly unrelated to the conviction for which he is currently incarcerated.

In sum, Petitioner may seek expungement of his conviction through channels available via the State of Ohio, but this Court may not grant expungement in this case.

IV. **RECOMMENDED DISPOSITION**

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Petition be **DENIED** and that this action be **DISMISSED WITH PREJUDICE** as time-barred, procedurally defaulted, and seeking relief unavailable in habeas.

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: September 23, 2021         /s/ Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE